IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES NEIL THURSTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARTIN O'MALLEY,[1] )<br>*Commissioner of Social Security*, )<br>)<br>Defendant. ) | Civil Action No. 23-1645 |

**O R D E R**

AND NOW, this 30th day of September, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 14) filed in the above-captioned matter on February 16, 2024,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 9) filed in the above-captioned matter on December 19, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART.  Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects.  Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.    Background**

Plaintiff Charles Neil Thurston protectively filed a claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and a claim for

---

[1]    Martin O'Malley is substituted as the defendant in this matter, replacing former Acting Commissioner Kilolo Kijakazi pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

1

supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. § 1381 *et seq.*, effective October 4, 2014, claiming that he became disabled on December 31, 2013 due to asthma, chronic obstructive pulmonary disease ("COPD"), and emphysema.  (R. 44, 167-73, 194).  After being denied initially on February 6, 2015, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on December 6, 2016.  (R. 44, 104-11, 117-18, 58-85).  In a decision dated March 14, 2017, the ALJ denied Plaintiff's request for benefits.  (R. 44-53).  On February 9, 2018, the Appeals Council declined to review the decision.  (R. 1-4).

Plaintiff filed an action in federal court at Civil No. 18-390, and, on May 14, 2019, the Honorable Donetta Ambrose granted Plaintiff's motion for summary judgment and remanded the matter for further administrative proceedings consistent with the accompanying opinion.  (R. 805-12).  On July 1, 2019, the Appeals Council vacated the March 14, 2017 decision and remanded the matter for further administrative proceedings.  (R. 816).  Upon remand, the ALJ held a new hearing on January 9, 2020.  (R. 755, 774-801).  On February 11, 2020, he issued a decision again denying Plaintiff's claim for benefits.  (R. 755-68).  On August 4, 2023, the Appeals Council declined to assume jurisdiction (R. 745-48), and Plaintiff filed a new appeal with this Court.  The parties have filed cross-motions for summary judgment, and the case is now ripe for adjudication.

**II.      Standard of Review**

Judicial review of a social security case is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of

Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). If the district court finds this to be so, it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986)).

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.* So as to facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no

reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration ("SSA") has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at §§ 404.1522, 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is

automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. §§ 404.1545(a), 416.945(a). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at §§ 404.1523, 416.923.

**III.     The ALJ's Decision**

In his February 11, 2020, decision, the ALJ found that Plaintiff met the insured requirements of the Act through December 31, 2018. (R. 757). He then proceeded to apply the sequential evaluation process, finding that Plaintiff had not been engaged in substantial gainful activity since the alleged onset date of December 31, 2013. (*Id.*). The ALJ also found that Plaintiff met the second requirement of the process insofar as he had the severe impairments of

degenerative disc disease and asthma. He found, though, that Plaintiff's COPD did not qualify as a severe impairment, although he had found this impairment to be severe in his prior decision. (R. 47, 757-58). The ALJ concluded that none of Plaintiff's impairments met any of the listings that would satisfy Step Three, stating, "At the hearing, the medical expert testified that he had reviewed the medical evidence in record and that neither the claimant's musculoskeletal impairment nor his asthma satisfied any listing." (R. 758).

The ALJ found that Plaintiff retained the RFC to perform light work with a number of non-exertional limitations. (*Id.*). At Step Four of the process, the ALJ used a vocational expert ("VE") to find that Plaintiff was unable to perform his past relevant work. (R. 766). He proceeded to determine, at Step Five, whether there were jobs in the national economy that Plaintiff could perform. (R. 766-67). The VE testified that, based on Plaintiff's age, education, work experience, and RFC, he could perform a significant number of jobs in the national economy, including the representative occupations of electrical accessories assembler, office helper, and lamp tester/inspector. (R. 767, 798). Accordingly, the ALJ found that Plaintiff was not disabled. (R. 767).

**IV.     Legal Analysis**

Among the number of issues he purports to raise, Plaintiff argues that the ALJ failed to adequately explain the basis for his finding that Plaintiff did not meet or equal a listing, as set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1, at Step Three of the sequential analysis. The Court agrees that the ALJ's brief discussion at Step Three was insufficient to allow for meaningful judicial review. The Court will therefore remand this matter for reconsideration consistent with this order.

As noted above, the ALJ's analysis as to why he found that none of Plaintiff's impairments met or equaled a listing was very brief: "At the hearing, the medical expert testified that he had reviewed the medical evidence in record and that neither the claimant's musculoskeletal impairment nor his asthma satisfied any listing." (R. 758). The medical expert, for his part, also offered a very brief listings analysis during his testimony, stating merely, "I have considered the listings with respect to [Plaintiff's] history, but I do no think any of the listings were satisfied." (R. 786). Therefore, neither the ALJ nor the medical expert on whose testimony he solely relied clearly identified why Plaintiff's conditions failed to meet or equal a listing or even cited the specific listings under consideration.

Presumably, by noting that Plaintiff's asthma did not satisfy a listing, the ALJ was invoking Listing 3.03, the only one that specifically applies to asthma. However, as Plaintiff points out, this listing was amended during the pendency of his case; the SSA revised the criteria it uses to evaluate claims involving respiratory disorders, including asthma, effective October 7, 2016. *See* Revised Medical Criteria for Evaluating Respiratory System Disorders, 81 F.R. 37138-01 (June 6, 2016). By not providing any explanation as to why Plaintiff did not satisfy Listing 3.03, or even a citation that would indicate the version of the listing he was applying, the ALJ has left the Court to guess at what his actual Step Three findings were.

The Third Circuit Court of Appeals has long noted that ALJs must provide "more than just a conclusory statement that a claimant does not meet the listings." *Fargnoli*, 247 F.3d at 40 (citing *Burnett v. Comm'r of Soc. Sec. Admin.,* 220 F.3d 112, 119–20 (3d Cir.2000)). Indeed, as noted above, decisions that are conclusory in their findings are not supported by substantial evidence. *See Cotter*, 642 F.2d at 705-06. The need for clarity is particularly important here where the relevant listing was amended during the pendency of the case and where the ALJ has

7

provided no indication as to which version was considered. The Court notes that this and other courts have largely found that an ALJ's application of a listing amended after the claim was filed is **not** impermissibly retroactive. See *Green v. Kijakazi*, No. 22-87-E, 2023 WL 567739 (W.D. Pa. Aug. 31, 2023). Therefore, the expectation is that the newer version of Listing 3.03 would be applied. But the extreme brevity of the ALJ's Step Three analysis does not permit the Court to determine whether the proper version of the listing was used. Remand is therefore necessary.

While the Court will therefore not directly rule on Plaintiff's other arguments, for the sake of efficiency on remand, it notes that it does not necessarily agree with Plaintiff's position that the ALJ erred in finding COPD was not a severe impairment on remand after having found that it was in his first decision. Judge Ambrose addressed this very situation in *Naccarato v. Kijakazi*, No. CV 21-20, 2022 WL 280943 (W.D. Pa. Jan. 31, 2022), where she held, under facts very similar to those here, that the doctrines of *res judicata*, *collateral estoppel*, and/or law of the case are "inapplicable 'where the ALJ's opinion which constituted the final decision of the Commissioner was vacated and the district court did not make a finding on this issue.'" *Id.* at *1 (quoting *Durst v. Saul*, Civ. No. 19-2101, 2020 WL 5501201, at *4 (E.D. Pa. Sept. 11, 2020)). *See also Feeney v. Berryhill*, No. 15-CV-3838, 2017 WL 2544587, at *4 (E.D. Pa. June 13, 2017); *Carter v. Barnhart*, 133 Fed. Appx. 33, 35 (3d Cir. 2005). However, although not bound by the findings in such a prior decision, a subsequent ALJ is still required to consider them in making his or her findings on remand to the extent the earlier decision remains part of the administrative record. *See Krokus v. Colvin*, No. CIV.A. 13-389, 2014 WL 31360, at *1 n.1 (W.D. Pa. Jan. 2, 2014); *Babyak v. Berryhill*, 385 F. Supp. 3d 426, 430 (W.D. Pa. 2019). As with any record evidence, an ALJ must "give some indication of the evidence which [he] rejects

and [his] reason(s) for discounting such evidence." *Burnett.*, 220 F.3d at 121 (citing *Plummer*, 186 F.3d at 429).[2]

The Court takes no position as to what the ALJ's ultimate conclusion should be; it is the need for further discussion, particularly in regard to the Step Three analysis, that warrants remand here.[3] The Court is conscious of the fact that this is the second time this matter has been remanded and encourages the Commissioner to take whatever steps are needed to ensure that this case is handled expeditiously and accurately on remand.

**V.    Conclusion**

The record does not permit the Court to determine whether the ALJ's decision is supported by substantial evidence, particular in regard to whether Plaintiff's impairments met or equaled a listing at Step Three, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration consistent with this order.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

---

[2]    The Court further notes that since Plaintiff's claim was filed before March 27, 2017, the criteria set forth at 20 C.F.R. §§ 404.1527 and 416.927, which contained what is referred to as the "treating physician rule," continue to apply to an ALJ's consideration of medical opinion evidence, rather than the regulations for newer claims set forth at 20 C.F.R. §§ 404.1520c and 416.920c. However, contrary to Plaintiff's contentions, it appears the ALJ did in fact apply Sections 404.1527 and 416.927 when considering the medical opinion evidence here. This should continue on remand.

[3]    Because it is the need for additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).